Hash, C. J.
 

 The bill is filed to subject the property of the defendant, Mrs. Moses, to the payment of the bond set forth
 
 *24
 
 in the pleadings. Mrs. Moses is a married woman, and was so at the time she signed and executed the bond; and the whole question may "be put upon the proper construction of the marriage settlement which was executed by Mrs. Moses and Amram Moses, before their intermarriage. The plaintiff contends that by that instrument, ‘the whole of the property of Mrs. Moses, then Mrs. Adderton, both real and personal, was conveyed, to Mr. Harris, one of the defendants, to-hold for her sole and separate use. The wording of the deed of trust is peculiar. • It recites that a marriage was about to be consummated between Fanny Adderton and Amram Moses; it then proceeds, “ and whereas the said Frances is desirous of having her estate, hotli real and personal, settled and secured in' manner and form herein after mentioned andl more particularly described,
 
 so that it shall not absolutely miel exelusixely
 
 vest in the said Amram by virtue of the marriage,” &e. In setting out the uses of the deed, it proceeds “in trust, nevertheless, that in the event of the aforesaid marriage, between the said Frances and Amram, the before mentioned property shall return to their possession, and he enjoyed and used by them during the natural life of the said Frances, if the said Amram should surviveher, the said Frances.” It then provides for the disposition of the property should Amram survive her;, which Amram covenants to perform. Hoes the. deed' convey to Mrs. Moses a separate estate to her own separate use in the property conveyed? We think it does not. The question here is not whether a feme covert, to whom property is conveyed to her own separate use, can so hind herself as to subject her separate estate: of that we do not enquire. There can be no doubt that the debt sought to he enforced against the property was contracted, so far as" Mrs. Moses is concerned, upon the the faith of it. Still the question recurs, did the conveyance or settlement constitute her a free trader
 
 %
 
 Unless it does, the obligation is inoperative and void as toiler: she had no power to bind herself. Ho words of art are necessary to secure property'to the sole and separate use of a married woman: it is the intention of the parties to exclude the husband which ought to govern: but this intention must be clearly and nn-
 
 *25
 
 equivocally expressed. The husband cannot be deprived of hisy'w
 
 mariti
 
 “without plain recorded words or necessary implication.” Rudi
 
 sell
 
 v. Watson, 2 Dev. Eq. 430. See also,
 
 Ashcraft
 
 v. Little, 4 Ire. Eq. 238. It will not do to guess.— There is nothing in this settlement to show that the property embraced in it was intended to he conveyed to the sole and separate use .of Mrs. Moses to the exclusion of her intended husband: the contrary is apparent. In the preamble, the intention is expressed to be for the purpose of preventing Am-ram Moses from having the
 
 absolute and exclusvue
 
 right to it. So far then, from the intention being, as gathered from these words, to secure the property to the sole use of the wife, to the exclusion of the future husband, it secures to him a joint use with her.
 

 But the operative part of the deed, where the uses are declared, leave no doubt upon the subject. If the marriage does take place, the property is to return to them (the said Frances and Amram) and be
 
 enjoyed and tosed
 
 by them during the natural life of Frances. An interest in the property during her life is secured to her husband, and she has not a sole and separate use in it. She is not a sole trader, and the bond sought to be enforced against her, is, as to her, void. Supposing this doctrine to apply to persona! property, as this bill seeks to subject the land of Mrs. Moses, it is not within the operation of the rule. The bill dismissed with costs.
 

 Pee Curiam. Decree accordingly.